892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald R. LEITCH, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-1772.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Nov. 27, 1989.
 
 Dennis M. Gottesmann; A. Glenn Perry, Jr., Law Offices of Dennis M. Gottesmann, P.A., on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Region II; James C. Newman, Supervisory Assistant, Regional Counsel; James A. Winn, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services; Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Donald R. Leitch appeals the district court's order entering judgment in favor of defendant Louis W. Sullivan, Secretary of Health and Human Services (Secretary). The district court, reviewing the Secretary's final decision denying Leitch's request for waiver of overpayment of social security benefits pursuant to 42 U.S.C. § 404(b), upheld the Administrative Law Judge's finding that Leitch was not without fault in the causation or acceptance of overpayment. Accordingly, the Secretary had not waived recovery of the overpayment. We affirm.
 
 
 2
 Neither party disputes that Leitch and his family received an overpayment of social security benefits. Whenever there is an overpayment of benefits, the Secretary must recover the overpayments unless the person overpaid is without fault in causing the overpayment. See 20 C.F.R. § 404.506. A person is at fault in causing the overpayment, inter alia, when the person fails to furnish information which the person knew or should have known was material. See 20 C.F.R. § 404.507. The only issue on appeal is whether the ALJ improperly found that Leitch was at fault so that the Secretary did not err in denying the request for waiver of overpayment. Our review is limited to determining whether the decision, based on the record as a whole, is supported by substantial evidence. See 42 U.S.C. § 405(g).
 
 
 3
 Neither party disputes Leitch's failure to report periods of substantial gainful activity sufficient to render Leitch ineligible for benefits. Leitch testified that he was unaware of the obligation to report work. On this score, the ALJ found Leitch's testimony unpersuasive. A review of the record convinces us that the ALJ's finding was supported by substantial evidence. The record is replete with instances where Leitch properly reported periods of substantial gainful activity indicating that Leitch understood his responsibility to report work activity. Additionally, the Secretary periodically sent notices apprising Leitch of the materiality of information concerning work activity. Clearly substantial record evidence supports the ALJ's finding that Leitch's failure to report work activity constituted a knowing failure to report material information sufficient to allow the Secretary to recover overpayment.
 
 
 4
 AFFIRMED.